UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: GLOBAL DISTRIBUTION SYSTEMS (GDS)
ANTITRUST LITIGATION

| | |
|---|---|
| US Airways, Inc. v. Sabre Holdings Corporation, et al., ) | |
|    S.D. New York, C.A. No. 1:11-02725 ) | MDL No. 2281 |
| American Airlines, Inc v. Travelport Limited, et al., ) | |
|    N.D. Texas, C.A. No. 4:11-00244 ) | |


ORDER DENYING TRANSFER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants Sabre Inc., Sabre Holdings Corporation, and Sabre Travel International Ltd. (collectively Sabre) move to centralize this litigation in the Northern District of Texas. American Airlines, Inc. (American), the sole plaintiff in the Northern District of Texas action and a related Texas state court action, and US Airways, Inc. (USAir), the sole plaintiff in the Southern District of New York action, both oppose centralization. Travelport Limited and Travelport, L.P. (Travelport), which, with Sabre, are defendants in the Northern District of Texas action, submitted a one-page response stating that they do not oppose centralization.

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization would not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. The two actions in this litigation do involve some common factual issues. These common issues arise from allegations that Sabre, through its control of what is said to be the country's largest Global Distribution System (GDS),[1] effectively controls American, USAir, and other airlines' ability to distribute fare, schedule, and availability information to, and to obtain reservations and sell tickets through, travel agents that subscribe to its GDS, and that Sabre has abused this monopoly power by engaging in various exclusionary conduct (including imposing onerous and anticompetitive contract terms in its agreements with participating airlines). There are,

---

[*] Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

[1] A GDS is a computerized system used to distribute airline fare, flight, and availability information to travel agencies (including online travel agencies), and to enable those agencies to make reservations and issue tickets.

however, only two actions in this docket.[2] *See In re: Transocean Ltd. Sec. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization."). Moreover, Sabre is represented in both actions by common counsel. In these circumstances, we believe that informal cooperation among the involved attorneys is both practicable and preferable. *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378-79(J.P.M.L. 2011) (denying centralization of four actions in which the common defendant was represented by the same counsel in all actions, concluding that "alternatives to formal centralization, such as voluntary cooperation among the few involved counsel and courts, appear[ed] viable").

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil     Frank C. Damrell, Jr.
Barbara S. Jones     Paul G. Barbadoro
Marjorie O. Rendell

---

[2] Especially given the small universe of involved cases, the pendency of the Texas state court action, which involves a related claim brought by American under the Texas antitrust statute, weighs against centralization, because it means that creation of an MDL would work only an incomplete fix. *See In re: Structured Trust Advantaged Repackaged Sec. (STARS) Transactions Litig.*, 729 F. Supp. 2d 1357, 1357 (J.P.M.L. 2010) (denying centralization of two actions, in part because an MDL "would not gather all litigation concerning the [subject] transactions before a single court," as related actions were pending in the Tax Court and the Court of Federal Claims).